SEND

JS-6

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

FILED
CLERK, U.S. DISTRICT COURT
SEP 21 1999
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MELINDA WILSON, as Conservator for BRIAN WILSON, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>JOE THOMAS, an individual, WILSON/THOMAS PRODUCTIONS, LLC; and DOES 1 through 25, inclusive,<br><br>    Defendants. | No.   CV 99-8812 CBM (MANx)<br><br>ORDER: REMANDING CASE |

ENTERED
CLERK, U.S. DISTRICT COURT
SEP 22 1999
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

On September 2, 1999, this Court, the Honorable Consuelo B. Marshall, United States District Court, presiding, issued to Plaintiff Melinda Wilson ("Plaintiff"), and Defendants Joe Thomas and Wilson/Thomas Productions, LLC ("Defendants"), an Order to Show Cause why this Court should not remand the action for lack of subject matter jurisdiction. Plaintiff and Defendants filed their respective responses on September 10, 1999.

**Discussion**

The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint is within the original jurisdiction of the district court. Toumajian v. Frailey, 135 F.3d 648, 653 (9th Cir. 1998). The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing if removal is proper. Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992); see also Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 932 (9th Cir.

✓ DOCKETED
S MLD COPY PTYS
✓ MLD NOTICE PTYS
✓ JS-6

SEP 22 1999

8.

1994)(burden of establishing federal subject matter jurisdiction falls on the party invoking removal). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. Gaus, 980 F.2d at 566.

I.   **Diversity Jurisdiction**

Federal courts construe their diversity jurisdiction narrowly. Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). Under 28 U.S.C. § 1332, this Court has diversity jurisdiction over matters in which all plaintiffs are of different citizenship than all defendants, and in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; Montrose Chem. Corp. v. American Motorists Ins. Co., 117 F.3d 1128 (9th Cir. 1997). In diversity cases, where the amount in controversy is in doubt, the Supreme Court has drawn a sharp distinction between original jurisdiction and removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Where, as here, the original complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997); Gaus, 980 F.2d at 567. In determining the amount in controversy, a district court may consider whether it is "facially apparent" from the complaint that the jurisdictional amount in controversy exceeds $75,000. Singer, 116 F.3d at 377. The court may also consider facts in the removal petition, and may require the parties to submit evidence relevant to the amount in controversy at the time of removal. Id.

Plaintiff filed a complaint Los Angeles Superior Court on August 23, 1999, seeking declaratory relief, breach of fiduciary duty, and dissolution of joint venture and accounting. On August 31, 1999, Defendants removed the action to this Court based on diversity jurisdiction. The complaint does not demand a dollar amount, nor it is facially apparent that the jurisdictional amount in controversy exceeds $75,000. Defendant Joe Thomas declares that Plaintiff's claims exceed the jurisdictional requirement based on the market value for Defendants' services, purported profit from album sales and a concert tour, and the purported value of Defendant Wilson/Thomas' assets. However, Plaintiff does not seek damages based on the market value of Defendants' services, nor does Plaintiff demand a percentage of the assets; rather, Plaintiff seeks declaratory relief, unspecified damages based on an alleged breach of fiduciary duty, and a request for an accounting of

1  Defendants' assets and liabilities. Defendants have not provided this Court with evidence showing
2  that at the time of removal the jurisdictional amount is in controversy.

## CONCLUSION

Based on the foregoing, this Court REMANDS the case to Los Angeles Superior Court.

**IT IS SO ORDERED.**

DATED: September 20, 1999

CONSUELO B. MARSHALL
United States District Judge